FILED
JUL 1 0 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 13-30160-DRH |
| vs. ) | |
| ) | Title 18, United States Code |
| ) | Section 1347 |
| DARRON A. SUGGS, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

1. **DARRON A. SUGGS** defrauded the State of Illinois Medicaid Home Services program by falsely claiming and taking payments for personal assistant services not actually performed. The State of Illinois pays a personal assistant hourly wages for performance of services for a qualified beneficiary. The qualified beneficiary must have a written Employment Agreement with the personal assistant and a Service Plan listing all services to be provided. In order for the personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home Services Time Sheet form listing the hours worked by the personal assistant and signed by both the beneficiary and personal assistant.

2. The Home Services Program is a Medicaid Waiver Program designed to provide a disabled individual who, with assistance in performing daily living activities in the home, would not require similar care in a nursing home. The Illinois Department of Human Services, Division of Rehabilitation Services (DORS) administers the program. Medicaid Waiver programs enable states to

use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

3. On June 21, 2006, **SUGGS** completed an Employment Agreement between Customer and Personal Assistant with a qualified Medicaid beneficiary by the name of JM.

4. On January 23, 2008, **SUGGS** completed an Employment Agreement between Customer and Personal Assistant with a qualified Medicaid beneficiary who was his mother by the name of ET.

5. From on or about June 30, 2006, through on or about July 2, 2012, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **SUGGS** submitted Home Service Time Sheets of which he falsely claimed hours of personal assistant services that were not performed on Medicaid beneficiary JM. Each form included the following warning:

- *The intentional falsification of any information submitted on this form could lead to criminal prosecution.*

6. From on or about December 17, 2012, through on or about February 2, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **SUGGS** submitted Home Service Time Sheets which he falsely claimed hours of personal assistant services that were not performed on Medicaid beneficiary JM. Each form included the following warning:

- *I certify that the above information is true and in accordance with the Individual Provider Payment Policies (IL488-2252). I understand falsification of any information submitted on this form could lead to criminal prosecution.*

2

The Individual Provider Payment Policies form included the following language:

- *Individual Providers can only be paid for the hours they worked for the customer per the HSP Service Plan. Billing for hours not worked constitutes Medicaid fraud.*

7. On or about February 2, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the state of Illinois, **SUGGS** submitted a Home Services Time Sheet stating that he performed 1.5 hours of personal assistant services from 5:00 AM until 6:30 AM on January 30, 2013; and 1.5 hours of personal assistant services from 5:00 AM until 6:30 AM on January 31, 2013. **SUGGS** did not perform the personal assistant services on Medicaid beneficiary ET on the dates and times indicated.

8. On or about February 18, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the state of Illinois, **SUGGS** submitted a Home Services Time Sheet stating that he performed 1.5 hours of personal assistant services from 5:00 AM until 6:30 AM on February 1, 2013; 1.5 hours of personal assistant services from 3:30 PM until 5:00 PM on February 5, 2013; and 1.5 hours of personal assistant services from 3:30 PM until 5:00 PM on February 6, 2013. **SUGGS** did not perform the personal assistant services on Medicaid beneficiary ET on the dates and times indicated.

9. From on or about December 17, 2012, through on or about April 16, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for State of Illinois, **SUGGS** submitted Home Service Time Sheets which he falsely claimed hours of personal assistant services that were not performed on Medicaid beneficiary ET. Each form included the following warning:

- *I certify that the above information is true and in accordance with the Individual Provider Payment Policies (IL488-2252). I understand falsification of any information submitted on this form could lead to criminal prosecution.*

The Individual Provider Payment Policies form included the following language:

- *Individual Providers can only be paid for the hours they worked for the customer per the HSP Service Plan. Billing for hours not worked constitutes Medicaid fraud.*

## COUNT 1
## Health Care Fraud

10. Paragraphs 1 through 9 are re-alleged and incorporated in Count 1.

11. On or about June 30, 2006, through on or about April 16, 2013, in St. Clair County, within the Southern District of Illinois,

### DARRON A. SUGGS,

defendant, did knowingly and willfully execute a scheme to defraud a health care benefit program, namely Medicaid, in connection with the delivery of and payment for health care benefits and services by submitting time sheets and receiving payment for personal assistant services not performed, in violation of Title 18, United States Code, Section 1347.

WILLIAM E. COONAN
RANLEY R. KILLIAN
Assistant United States Attorneys

STEPHEN R. WIGGINTON
United States Attorney

Recommended Bond: $10,000 unsecured

4